UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

D-47, MELISSA SUE GORDON,

          Defendant.
_____/

Criminal No. 2:11-cr-20129

Honorable Robert H. Cleland

## **PRELIMINARY ORDER OF FORFEITURE**

The United States filed an Unopposed Application for Entry of Preliminary Order of Forfeiture ("Application") seeking a forfeiture order for any firearm and ammunition involved in or used in Defendant Melissa Sue Gordon's knowing violation of 18 U.S.C. § 922(g)(1), as alleged in Count One of the Eleventh Superseding Information, including, but not limited to, the following:

    (a)    One (1) Springfield Arms 9mm XD-9 handgun, Serial Number: XD105619 (1B-1430);

    (b)    One Magazine removed from Springfield Arms 9mm (1B-1431);

    (c)    Forty-Two (42) rounds of 9mm Luger ammunition removed from magazine of Springfield Arms (1B-1432);

    (d)    One (1) Springfield Arms magazine holder containing two (2) Springfield Arms magazines (one magazine holds sixteen rounds of ammunition and one magazine holds fifteen rounds of ammunition) (1B-1433);

  (e)  One (1) Charter Arms .38 caliber Undercover revolver, Serial No. 658132 (1B-1434); and

  (f)  Five (5) rounds of .38 caliber SPL+P ammunition removed from Charter Arms revolver (1B-1435)

(hereinafter collectively referred to as the "Subject Property").

Based upon the information contained in the Application, the contents of the Rule 11 Plea Agreement entered into by Defendant Melissa Sue Gordon ("Defendant"), Defendant's guilty plea to violating 18 U.S.C. § 922(g)(1), as alleged in Count One of the Eleventh Superseding Information, Defendant's agreement to forfeit the Subject Property, and other information in the record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c) and Fed.R.Crim.P. 32.2, the Subject Property **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law, and any right, title or interest of Defendant in such property **IS HEREBY AND FOREVER EXTINGUISHED**.

2. Based upon the information and agreements contained in Defendant's Rule 11 Plea Agreement, and other information in the record, there is a sufficient nexus between the Subject Property and Defendant's offense, and therefore, the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c).

3.   This Order shall become final as to Defendant at the time it is entered.

4.   The forfeiture of the Subject Property shall be made part of Defendant's sentence and included in Defendant's Judgment, and this Preliminary Order of Forfeiture shall be incorporated by reference in the Judgment.

5.   Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6.   Pursuant to 21U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on www.forfeiture.gov for at least thirty (30) consecutive days.  Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner

under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.  Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9.  The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: December 11, 2015

s/Robert H. Cleland
HON. ROBERT H. CLELAND
United States District Judge